IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01024-BNB

MICHAEL RAY INGRAM,

    Plaintiff,

v.

FRANK CLEMENTS,
R. WERHOLZ,
R. RAEMISCH,
JOHN AND JANE DOES AT THE COLORADO DEPARTMENT OF CORRECTIONS,
J. FALK,
J. CHAPDELAINE,
JOHN AND JANE DOES AT STERLING CORRECTIONAL FACILITY,
JOHN AND JANE DOES, Job Board at Sterling Correctional Facility,
K. MCKAY, Physician's Assistant,
DR. CHRISTNER, and
PHYSICIANS HEALTH PARTNERS, INC., dba CORRECTIONAL HEALTH
    PARTNERS, a Colorado Corporation, and
JOHN AND JANE DOES, Physicians Health Partners, Inc., dba Health Partners, a
    Colorado Corporation,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Michael Ray Ingram, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Ingram has filed *pro se* a forty-three page Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act (ADA), and the Rehabilitation Act, and asserts supplemental jurisdiction over state law claims for breach of contract and negligence.

The Court must construe the Prisoner Complaint liberally because Mr. Ingram is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ingram will be ordered to file an amended Prisoner Complaint if he wishes to pursue claims against all of the named Defendants in this action.

The Prisoner Complaint is deficient in various respects. First, the Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Ingram's complaint is unnecessarily prolix. Plaintiff asserts six claims: cruel

and unusual punishment; violations of the Fourteenth Amendment; violations of the ADA; violations of the Rehabilitation Act; breach of contract; and negligence. He bases each of his six claims on the same factual allegations. (*See* ECF No. 1 at 8-37). Those assertions stem from Defendants alleged refusal to "provide appropriate housing restrictions, work restrictions, and ADA and Rehabilitation Act accommodations." (*Id.* at 7). Specifically, Mr. Ingram alleges that Defendants are forcing him to work in the prison kitchen, which causes pain and suffering and a deterioration of his thirteen medical conditions, including "nausea, light-sensitivity, arthritic neck pain, a chronic choking, arthritic left shoulder, arthritis/tendinitis right elbow, lower back pain/spasms, arthritic left hip, arthritic knee pain, right ankle pain, left ankle pain, deformed heels, and foot and heel pain." (*Id.* at 8-37). He also contends that since 2012, Defendants have required him to move pursuant to housing assignment changes at least twelve times, which further aggravates his medical conditions and disabilities. (*Id.* at 15).

Mr. Ingram fails to assert his claims in a manner that is clear and concise and allows the Court and Defendants to understand and respond to each asserted claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In addition, despite the excessive length of the Complaint, Mr. Ingram's vague and conclusory factual allegations do not provide fair notice of the specific claims he is asserting against each named Defendant.

The Complaint also is deficient because Mr. Ingram fails to allege facts that demonstrate each of the named Defendants personally participated in the asserted

constitutional violations. For example, although Mr. Ingram names Defendants J. Chapdelaine and Dr. Christner in the caption of the Complaint, he does not assert any allegations against them in the body of the Complaint.

In addition, Mr. Ingram may not assert claims against Defendants Frank Clements, R. Werholz, R. Raemisch, and J. Falk based on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Although, Mr. Ingram alleges that Defendants Clements, Werholz, Raemisch, and Falk failed to properly train and supervise prison staff, this conclusory allegation is insufficient to establish personal participation for these Defendants. *See e.g., Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd,* 961 F.2d 916 (10th Cir. 1992). "[I]n

analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Similarly, Mr. Ingram's claims against Defendant Physicians Health Partners, Inc., dba Correctional Health Partners, a Colorado Corporation, are supported by wholly conclusory allegations that Defendant failed to provide "necessary and timely treatment" for Mr. Ingram's conditions. Again, conclusory allegations are insufficient. *See Ketchum,* 775 F. Supp. at 1403; *Hall,* 935 F.2d at 1110.

If Mr. Ingram wishes to pursue claims against the named Defendants, he must file an amended complaint that identifies what those Defendants did that allegedly violated his constitutional rights. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). In order to state a claim in federal court, Mr. Ingram "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Therefore, Mr. Ingram should name as Defendants only those persons he contends actually violated his federal constitutional rights. Moreover, Mr. Ingram's use of the collective term "Defendants" throughout the Complaint is insufficient. *See e.g., Bridges v. Lane,* 351 Fed. Appx. 284, 287 (10th Cir. 2009) (unpublished) (in § 1983 claims "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her"); *see also*

*Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of [ ] the collective term 'Defendants' . . . with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts that are alleged to have committed.").

Mr. Ingram may use fictitious names, such as "John or Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Ingram uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service. In the Complaint, Mr. Ingram fails to provide any identifying information as to Defendants John and Jane Does at the Colorado Department of Corrections, John and Jane Does at Sterling Correctional Facility, and John and Jane Does, Physicians Health Partners, Inc., dba Health Partners, a Colorado Corporation.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Ingram will be given an opportunity to cure the deficiencies in his complaint by submitting an amended prisoner complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Michael Ray Ingram, file **within thirty (30) days from the date of this order** an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Ingram shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Ingram fails to file an amended complaint that complies with this order within the time allowed, some or all of the claims against some or all of the Defendants may be dismissed.

DATED June 19, 2014, at Denver, Colorado.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge