IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01024-BNB

MICHAEL RAY INGRAM,

    Plaintiff,

v.

FRANK CLEMENTS,
R. WERHOLZ,
R. RAEMISCH,
JOHN AND JANE DOES AT THE COLORADO DEPARTMENT OF CORRECTIONS,
J. FALK,
J. CHAPDELAINE,
JOHN AND JANE DOES AT STERLING CORRECTIONAL FACILITY,
JOHN AND JANE DOES, Job Board at Sterling Correctional Facility,
K. MCKAY, Physician's Assistant,
DR. CHRISTNER, and
PHYSICIANS HEALTH PARTNERS, INC., dba CORRECTIONAL HEALTH
    PARTNERS, a Colorado Corporation, and
JOHN AND JANE DOES, Physicians Health Partners, Inc., dba Health Partners, a
    Colorado Corporation,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Michael Ray Ingram, has filed *pro se* "Plaintiff's Motion for Reconsideration" (ECF No. 11) asking the Court to reconsider the June 19, 2014 Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 10).

    The Court must construe the Motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider is denied.

On June 19, 2014, the Court issued an order granting Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915. (ECF No. 10). The Court further determined, based on Plaintiff's financial status, that Plaintiff was able to pay an initial partial filing fee of $34.00 as well as monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison account until he has paid the total filing fee of $350.00. (*Id.* at 2-3).

In the Motion, Plaintiff moves the Court pursuant to Fed. R. Civ. P. 60(b) or Fed. R. Civ. P. 59(e) for relief from the June 19 Order. (*See* ECF No. 11). Rule 59(e) concerns the filing of a motion to alter or amend a "judgement." *See* Fed. R. Civ. P. 59(e). In the instant case, there have been no judgements. Therefore, the Court will consider the Motion under the proper rule, Fed. R. Civ. P. 60(b). *See Marotta v. Cortez,* No. 08-cv-02421-CMA-CBS, 2010 WL 1258022 (D. Colo. Mar. 29, 2010 (citing *Broadway v. Norris,* 193 F.3d 987 (8th Cir.1999) (holding that a motion for "reconsideration" that is directed to a nonfinal order as opposed to a judgment, should be construed as a Rule 60(b) motion). Rule 60(b) allows a court to grant relief from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud ..., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged ...; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Accordingly, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990).

In the instant case, Plaintiff's Motion does not satisfy any of these grounds for relief. Plaintiff asserts that on June 22, 2012, he filed a complaint in Case No. 12-cv-01653, which was dismissed without prejudice for failure to exhaust administrative remedies.[1] (*See* ECF No. 11 at 2). He alleges that he "re-filed" the complaint in the instant action raising the same claims as the June 22, 2012 complaint. (*Id.*). He further alleges that in connection with the 2012 action, he was granted leave to proceed pursuant to 28 U.S.C. § 1915, was assessed an initial partial filing fee, and continues to make monthly payments toward the $350.00 filing fee. (*Id.*) He argues that because he is responsible for the filing fee in the 2012 action, he should not have to pay an additional filing fee in this action, relying on *Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). In *Owens*, the Sixth Circuit held:

---

[1] The case actually was dismissed without prejudice pursuant to a minute order entered on May 23, 2013 when Plaintiff orally requested dismissal of the case and stated that he intends to file a separate, new case and complaint. *See Ingram v. Falk,* No. 12-cv-01653-CMA-CBS, ECF No. 55. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

> A prisoner who "refile[s]" a complaint alleging the same claims regarding prison conditions after it was initially dismissed without prejudice for failure to exhaust is not "instituting" a suit, but is merely following the particular procedure chosen by this court for curing the initial complaint's deficiency. Therefore, we hold that when a prisoner "refiles" a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA, the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a).

*Id .*at 773.

Although this decision supports Plaintiff's argument, it is not the "controlling law" in the Tenth Circuit. *See e.g., Mercado v. Wiley,* 245 Fed. Appx. 761, 762 (10th Cir. 2007) (declining to examine the merits of an argument based on *Owens* where plaintiff asserted the argument for the first time on appeal). Thus, Plaintiff's first argument in the Motion does not satisfy any of the grounds for relief under Fed. R. Civ. P. 60(b).

Adhering to the Court's established practice under § 1915, Plaintiff has instituted a civil action *in forma pauperis* and is required to pay an initial partial filing fee of twenty percent of the greater of the average monthly deposits to his account or the average monthly balance in his account for the six-month period preceding the filing of the complaint. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff submitted a certified copy of his prison trust account. (*See* ECF No. 5 at 9). According to the statement, Plaintiff's average monthly deposit was $41.63, and his average daily balance was $57.32. Plaintiff should have been assessed an initial partial filing fee of $11.46, which is twenty percent of the greater of those two numbers. Due to a miscalculation, the Court imposed a initial partial filing fee of $34.00 in the June 19, 2014 Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915. Therefore, the portion of the June 19 Order requiring Plaintiff to pay an initial partial filing fee of $34.00 is vacated, and Plaintiff is

granted leave to proceed *in forma pauperis* with payment of an initial filing fee of $11.00 pursuant to 28 U.S.C. § 1915(b)(1).

In addition, Plaintiff's second argument in the motion to reconsider is without merit. Plaintiff contends that the $0.23 daily hygiene stipend he receives should not be calculated in the monthly payments of 20 percent of the preceding month's income credited to the prisoner's account under § 1915(b)(2). (*See* ECF No. 11 at 3-4). This argument fails to provide a basis for reconsideration. Thus, Plaintiff remains obligated to pay monthly payments in accordance with the June 19 Order.

Accordingly, it is

ORDERED that "Plaintiff's Motion for Reconsideration" (ECF No. 11) is DENIED. It is

FURTHER ORDERED that the Court's June 19, 2014 Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 10) is VACATED IN PART, to the extent it requires Plaintiff to pay an initial partial filing fee of $34.00. It is

FURTHER ORDERED that, within thirty days of the date of this Order Plaintiff's custodian shall disburse from Plaintiff's prison account, if funds are available in keeping with 28 U.S.C. § 1915(b), an initial partial filing fee of **$11.00** to the Clerk of the United States District Court for the District of Colorado, which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's prison accounts for the six-month period immediately preceding the filing of the complaint. It is

FURTHER ORDERED that after payment of the initial partial filing fee, Plaintiff's custodian shall disburse from Plaintiff' s prison account monthly payments of 20 percent

of the preceding month's income credited to this prison account until he has paid the total filing fee of $350.00.  *See* 28 U.S.C. §1915(b)(2).  Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action.  It is

FURTHER ORDERED that the Clerk of the Court shall send a copy of this Order to DOC_inmateaccounts@state.co.us.

DATED at Denver, Colorado, this 7th day of July, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge