IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01024-BNB

MICHAEL RAY INGRAM

      Plaintiff,

v.

FRANK CLEMENTS,
R. WERHOLZ,
R. RAEMISCH,
JOHN AND JANE DOES AT THE COLORADO DEPARTMENT OF CORRECTIONS,
J. FALK, Sterling Correctional Facility (SCF) Warden,
J. CHAPDELAINE, SCF Associate Warden,
JOHN AND JANE DOES AT SCF,
JOHN AND JANE DOES, SCF Job Board,
K. MCKAY, SCF Physician's Assistant,
PHYSICIANS HEALTH PARTNERS, INC., dba CORRECTIONAL HEALTH
PARTNERS, a Colorado Corporation, and
JOHN AND JANE DOES, Physicians Health Partners, Inc., dba Health Partners, a
      Colorado Corporation,

      Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW IN PART

_____

      Plaintiff, Michael Ray Ingram, is in the custody of the Colorado Department of

Corrections currently incarcerated at the Sterling Correctional Facility in Sterling,

Colorado.  He initiated this action on April 9, 2014 by filing *pro se* a Prisoner Complaint

pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation

Act, and asserts supplemental jurisdiction over state law claims for breach of contract

and negligence.

      On June 19, 2014, Magistrate Judge Boyd N. Boland directed Plaintiff to amend

the Complaint and comply with Rule 8 of the Federal Rules of Civil Procedure.

Specifically, Plaintiff was directed to state how each named defendant personally participated in the alleged violations.  Plaintiff also was informed that supervisors are not responsible for their subordinates' actions.  After granting Plaintiff numerous extensions of time to file the amended complaint, Plaintiff filed his "First Amended Prisoner Complaint" (ECF No. 21) on October 10, 2014.

Plaintiff has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the Prisoner Complaint, in part,  pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

In the Amended Complaint, Plaintiff alleges that he suffers from the following "medical conditions/disabilities that significantly limit daily activities, singularly and aggregately:  (a) migraines; (b) photophobia; (c) nausea; (d) neck arthritis; (e) dysphagia; (f) left shoulder arthritis; (g) right elbow arthritis/tendinitis; (h) lower left back pain/spasms; (I) left hip arthritis; (j) arthritic knees; (k) ankle pain; (l) deformed heels; (m) neuropathic foot pain; and (n) plantar fascitis (PF)."  Plaintiff alleges that Defendants

violated his rights to adequate medical care and "caused the wanton and unnecessary infliction of pain and suffering caused by kitchen labor despite known medical conditions/disabilities."  On the basis of these allegations, Plaintiff asserts the following six claims against Defendants: (1) cruel and unusual punishment in violation of the Eighth Amendment; (2) shocking, arbitrary, irrational, and discriminatory conduct in violation of the Fourteenth Amendment; (3) violation of the American with Disabilities Act (ADA); (4) violation of Section 504 of the Rehabilitation Act; (5) breach of contract; and (6) negligence.  He asks for declaratory and injunctive relief and money damages.

In his first claim, Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by requiring him to perform kitchen duties in the dishroom from April 6, 2012 to May 7, 2012, in the diet kitchen from June 14, 2012 to July 21, 2012, and as a flatware/condiment roller from September 12, 2012 to present.  Plaintiff asserts that these work assignments have aggravated his medical conditions by requiring him to perform work duties beyond his physical capabilities and were contrary to his work restrictions.  He also contends that his requests for "ADA/RA accommodations" and requests to clinical services, including issuance of appropriate footwear, a bottom tier restriction, issuance of an orthopedic pillow, no prolonged sitting restriction, and various work restrictions, have been denied.  Plaintiff also alleges that he has been denied adequate medical care in violation of the Eighth Amendment.

In his second claim, Plaintiff asserts that Defendants violated his Fourteenth Amendment rights by intentionally treating him differently from others who have medical conditions/disabilities.  In support of this claim, Plaintiff alleges that he is aware of other prisoners who have two-hour and four-hour work restrictions.

In his third (ADA) and fourth (Rehabilitation Act) claims, Plaintiff asserts that he is

a qualified individual for ADA and Rehabilitation Act purposes, that Defendants wrongfully denied his request for accommodations, and that the exclusion or denial of benefits or discrimination was based on his medical conditions/disabilities.

In his fifth claim, Plaintiff asserts that Defendant Physicians Health Partners, Inc., d/b/a Correctional Health Partners, a Colorado corporation breached its contract by not providing promised medical treatment.  In his sixth claim, Plaintiff asserts that Defendant Physicians Health Partners, Inc., d/b/a Correctional Health Partners, a Colorado corporation was negligent in providing medical treatment.

## I. Eighth Amendment Claim

The Eighth Amendment claim against Defendants Clements, Werholz, Raemisch, Falk, Chapdelaine, McKay, and John and Jane Does, SCF Job Board will be ordered drawn to a presiding judge and if appropriate to a magistrate judge. The Eighth Amendment claim against the remaining Defendants will be dismissed as legally frivolous.

Plaintiff alleges that Defendants John and Jane Does at Colorado Department of Corrections (DOC) Headquarters and John and Jane Does at SCF failed to properly train and supervise Defendant McKay who allegedly provided inadequate medical care and denied Plaintiff's requests for work and housing restrictions and ADA/RA accommodations.  This allegation is conclusory and devoid of any factual support.  To sue these supervisory defendants, Plaintiff must plausibly plead and eventually prove not only that the Defendant McKay violated the Constitution, but that her supervisors at Sterling Correctional Facility and the Colorado Department of Corrections by virtue of their own conduct and state of mind did so as well. *See Dodds v. Richardson,* 614 F.3d 1185, 1198 (10th Cir. 2010); *see also Jones v. Lehmkuhl,* No. 11-cv-02384-WYD-CBS,

4

2013 WL 6728951, at *15 (D. Colo. Dec. 20, 2013) (noting there were "no well-pled facts that demonstrate specific deficiencies" in training). Plaintiff has failed to do so. Thus, the Eighth Amendment claim against Defendants John and Jane Does at Colorado Department of Corrections (DOC) Headquarters and John and Jane Does at SCF is dismissed as legally frivolous pursuant to § 1915A(b)(1), and these two defendants will be dismissed as parties to this lawsuit.

## II. Equal Protection Claim

Plaintiff's second claim is construed as an equal protection claim and will be dismissed as legally frivolous for the following reasons. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws," U.S. Const. amend. XIV, § 1. When considering an equal protection claim, the Court applies a rational basis test if "the challenged government action does not implicate either a fundamental right or a protected class." *Price-Cornelison v. Brooks,* 524 F.3d 1103, 1110 (10th Cir. 2008). The basic premise of the Equal Protection Clause is that all similarly situated persons should be treated alike by state actors. *See City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985). To prevail on an equal protection claim, a plaintiff must show that the government has treated him differently than others who were similarly situated. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

First, Plaintiff fails to allege sufficient, or any, facts to state a plausible claim of violation of his rights to equal protection. Without supporting facts, this claim rests on nothing more than the conclusory allegation that Defendants treated him "differently", without further explanation or clarification. *See Coppinger v. Zavaras,* 429 Fed. Appx. 755 (10th Cir. 2011) (affirming district court's dismissal of equal protection claims as

legally frivolous where the plaintiff's allegations of an equal protection violation were conclusory).

Moreover, Plaintiff does not assert differential treatment based on a suspect classification. Disability is not a suspect classification for equal protection purposes, *see Whitington v. Moschetti*, 42 F. Appx. 767, 770 (10th Cir 2011). Plaintiff, therefore, must assert that defendants have treated him differently than others who are similarly situated and the distinction was not reasonably related to some legitimate penological purpose. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1228 (10th Cir. 2004) ("absent an allegation of a suspect classification, our review of prison officials' differing treatment of various inmates is quite deferential" and only whether the treatment was "reasonably related to a legitimate penological purpose" is considered). The requirement to show that an inmate is similarly situated is demanding. *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) ("[I]t is "clearly baseless' to claim that there are other inmates who are similar in every relevant respect.") (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Absent a threshold showing that [Plaintiff] is similarly situated to those who allegedly receive favorable treatment, [he] does not have a viable equal protection claim." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). Here, Plaintiff fails to make a threshold showing that he is similarly situated to inmates with similar medical conditions/disabilities who have received work restrictions and ADA/RA accommodations.

Even assuming that the inmates receiving the works restrictions and accommodations that Plaintiff seeks are similarly situated, Plaintiff is required to assert that his denial of work restrictions and accommodations was not reasonably related to some legitimate penological purpose. Given that prison officials have considerable

discretion in work placement decisions, Plaintiff is unable to assert that his work assignment to kitchen duty was unreasonable.  *See White v. Bolden,* No. 91-3293-DES, 1993 WL 192912 (D. Kan. May 25, 1993) (acknowledging prison officials' discretion regarding work assignment or reassignment); *see also Fogle v. Pierson,* 435 F.3d 1252, 1261 (10th Cir. 2006) (recognizing that prison officials have considerable discretion in placement decisions).  There is a presumption in favor of the validity of prison officials' disparate treatment.  *See Hill v. Pugh*, 75 F. App'x 715, 720 (10th Cir. 2003).  For all these reasons, the equal protection claim asserted against Defendants is dismissed as legally frivolous.

## III.  ADA and Rehabilitation Act Claims

The ADA and Rehabilitation Act claims will be dismissed for the following reasons. The ADA and Rehabilitation Act statutes provide that no qualified individual with a disability may be excluded from participation in or be denied the benefits of services, programs or activities of a public entity solely by reason of such disability. Prisons are "public entities" subject to the ADA and Rehabilitation Act.  However, "[w]here the handicapping condition is related to the condition(s) to be treated, it will rarely, if ever, be possible to say ... that a particular decision was 'discriminatory.' " *Fitzgerald v. Corrections Corporation of America,* 403 F.3d 1134, 1144 (10th Cir.2005) (quoting *United States v. University Hospital,* 729 F.2d 144, 157 (2d Cir.1984)).  The Tenth Circuit has joined several circuits in holding that the ADA and Rehabilitation Act do not provide remedies for alleged medical malpractice.  *Id.  See also Rashad v. Doughty,* 4 Fed. Appx. 558 (10th Cir.2001) (holding that "the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation); *Moore v. Prison Health*

*Services, Inc.,* 201 F.3d 448 (10th Cir.1999) (finding that the ADA and Rehabilitation Act afford disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general cause of action for challenging the medical treatment of their underlying disabilities).

While Plaintiff believes that his rights under the ADA and Rehabilitation Act have been violated because the work restrictions and accommodations for his "medical conditions/disabilities" have been denied, such objections to the medical treatment that has been provided to him does not rise to the level of an ADA or Rehabilitation Act violation. *See Rashad v. Doughty,* 4 Fed. App'x 558, 560 (10th Cir. 2001). Moreover, while Plaintiff alleges that his requests for ADA accommodations were denied, he fails to identify the specific services, programs and benefits that are inaccessible. *See Boles v. Dansdill,* No. 05-cv-01661-PSF-CBS, 2007 WL 2770473, at *18 (D. Colo. Sept. 20, 2007).

Even assuming that Plaintiff has been denied a viable benefit, other than Plaintiff's conclusory allegation that "the denial of benefits or the discrimination was based on the medical conditions/disabilities," Plaintiff fails to allege any facts supporting the theory that Defendants acted with a discriminatory motive in denying him the work restrictions and accommodations he requested . *See Carter v. Pathfinder Energy Services, Inc.,* 662 F.3d 1134, 1149 (10th Cir. 2011) (instructing that discriminatory motive must be a "determining factor" in defendants' actions); *see also Richardson v. Butler,* No. 12–cv–02912, 2014 WL 700177, at *14 (D. Colo. Feb. 20, 2014) (dismissing ADA claim where the plaintiff alleged that the defendants "deliberately disregarded" the plaintiff's "ADA approved accommodations" but never alleged facts showing that they intentionally discriminated because of his disability). Accordingly, the ADA and

Rehabilitation Act claims should be dismissed as legally frivolous.

## IV. Breach of Contract and Negligence Claims

The supplemental state law claims against Defendants Physicians Health Partners, Inc., d/b/a Correctional Health Partners, a Colorado corporation and John and Jane Does, Physicians Health Partners, Inc., d/b/a Correctional Health Partners, a Colorado corporation for breach of contract and negligence based on inadequate medical treatment will be ordered drawn to a presiding judge and if appropriate to a magistrate judge.

Accordingly, it is

ORDERED that the Eighth Amendment claim (claim one) against Defendants Clements, Werholz, Raemisch, Falk, Chapdelaine, McKay, and John and Jane Does, SCF Job Board and the supplemental state law claims for breach of contract (claim five) and negligence (claim six) against Defendants Physicians Health Partners, Inc., d/b/a Correctional Health Partners, a Colorado corporation and John and Jane Does, Physicians Health Partners, Inc., d/b/a Correctional Health Partners, a Colorado corporation will be ordered drawn to a presiding judge and if appropriate to a magistrate judge.  It is

FURTHER ORDERED that the claims for violation of equal protection (claim two), ADA (claim three), and Rehabilitation Act (claim four) are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(B)(2)(I).  It is

FURTHER ORDERED that Defendants John and Jane Does at Colorado Department of Corrections (DOC) Headquarters and John and Jane Does at SCF are dismissed as parties to this lawsuit.

DATED at Denver, Colorado, this   29th   day of   October   , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court