Case 1:14-cv-01024-REB-KMT   Document 63   Filed 08/27/15   USDC Colorado   Page 1 of 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–01024–REB–KMT

MICHAEL RAY INGRAM,

    Plaintiff,

v.

FRANK CLEMENTS,
R. WERHOLZ,
R. RAEMISCH,
J. FALK, Sterling Correctional Facility (SCF) Warden,
J. CHAPDELAINE, SCF Associate Warden,
JOHN AND JANE DOES, SCF Job Board,
K. MCKAY, SCF Physician's Assistant,
PHYSICANS HEALTH PARTNERS, INC., dba CORRECTIONAL HEALTH PARTNERS, a Colorado corporation,
JOHN AND JANE DOES, PHYSICANS HEALTH PARTNERS, INC., dba CORRECTIONAL HEALTH PARTNERS, a Colorado corporation,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Kathleen M. Tafoya

    This matter is before the court on Defendant Werholtz, Raemisch, Falk and Chapdelaine's "Motion to Dismiss" (Doc. No. 45 [CDOC's Mot.], filed January 26, 2015) and "Defendant Keri McKay's Motion to Dismiss" (Doc. No. 56, filed July 17, 2015). Plaintiff did not file responses to the motions.

## STATEMENT OF CASE

Plaintiff, proceeding *pro se*, is a prisoner incarcerated in Colorado Department of Corrections ("CDOC"). (*See* Doc. No.21 [Am. Compl.] at 3, filed October 10, 2014.) In the Amended Complaint, Plaintiff alleges that he suffers from the following "medical conditions/disabilities that significantly limit daily activities, singularly and aggregately: (a) migraines; (b) photophobia; (c) nausea; (d) neck arthritis; (e) dysphagia; (f) left shoulder arthritis; (g) right elbow arthritis/tendinitis; (h) lower left back pain/spasms; (I) left hip arthritis; (j) arthritic knees; (k) ankle pain; (l) deformed heels; (m) neuropathic foot pain; and (n) plantar fasciitis (PF)." (*Id.* at 6.) In his first claim[1], Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by requiring him to perform kitchen duties in the dishroom from April 6, 2012 to May 7, 2012, in the diet kitchen from June 14, 2012 to July 21, 2012, and as a flatware/condiment roller from September 12, 2012 to present. (*Id.* at 8–9.) Plaintiff asserts that these work assignments have aggravated his medical conditions by requiring him to perform work duties beyond his physical capabilities and contrary to his work restrictions. (*See generally id*) He also contends that his requests for "ADA/RA accommodations" and requests to clinical services, including issuance of appropriate footwear, a bottom tier restriction, issuance of an orthopedic pillow, no prolonged sitting restriction, and various work restrictions, have been denied. (*See id.* at 9–11.) Plaintiff alleges that he has been denied adequate medical care in violation of the Eighth Amendment. (*Id.* at 5.)

---

[1] Plaintiffs Second (for equal protection violations), Third (for violations of the Americans with Disabilities Act ["ADA"], and Fourth claims (for violations of the Rehabilitation Act) have been dismissed. (*See* Doc. No. 23 at 9–10.)

Defendants Werholtz, Raemisch, Falk, Chapdelaine, and McKay move to dismiss all remaining claims against them.

**LEGAL STANDARDS**

*1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.* *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the

merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.*

4

### 3. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir.

1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## ANALYSIS

### 1.     *Eleventh Amendment Immunity*

The CDOC Defendants move to dismiss Plaintiff's claims for monetary damages against them in their official capacities.  (CDOC's Mot. at 3–4.)

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court.  *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  Suits against state officials in their official capacity should be treated as suits against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment thus shields state officials, acting in their official capacities,

from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007). Moreover, an action under 42 U.S.C. § 1983 may only be brought against a person. Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983. *Will*, 491 U.S. at 70–71.

Plaintiff's claims for monetary relief against the CDOC Defendants in their official capacities constitute claims against the Colorado Department of Corrections. Therefore, Plaintiff's official-capacity claims for monetary relief against the CDOC Defendants are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction.

### 2. *Personal Participation of the CDOC Defendants*

The CDOC Defendants move to dismiss the claims against them for lack of personal participation. (CDOC's Mot. at 6–10.)

Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). There must be an "affirmative link between the defendant's conduct and any constitutional violation." *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him . . . when the defendant did it; how the defendant's action harmed him . . . and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). A defendant may not be held liable under § 1983 merely because of his or her supervisory position. *Se Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Defendant Werholtz is the former executive director of the CDOC, and Defendant Raemisch is the current executive director of the CDOC. Plaintiff alleges Defendants Werholtz and Raemisch are involved in the facts of this case only by way of succeeding deceased former executive director, Tom Clements. (*See* Am. Compl., ¶¶ 70, 71.) Defendant Falk is the warden of Sterling Correctional Facility ("SCF"), and Defendant Chapdelaine is the associate warden of SCF. Plaintiff alleges they are liable as administrative heads or supervisors. (*See id.*, ¶¶ 73–75.) Plaintiff asserts Defendants Werholtz, Raemisch, Falk and Chapdelaine are generally liable because they approved of the conditions of SCF, implemented procedures causing the alleged violations, and failed to respond to letters or take action to correct the conditions when Plaintiff complained about them. (*See id.* at 11–14.) These assertions are insufficient to show personal participation.

Moreover, to the extent Plaintiff alleges Defendant Falk is liable because of a letter Plaintiff sent to him to which Plaintiff did not receive a response (*see id.*, ¶ 50), Defendant Falk cannot be held liable based on receiving a copy of a letter. *See Escobar v. Reid*, 668 F. Supp. 2d 1260, 1291 (D.Colo.2009) (citing *Davis v. Arkansas Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) ("correspondence [to the warden] outlining [a] complaint . . . without more, does not sufficiently implicate the warden under § 1983") and *Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y.1997) ("The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability.")).

Finally, to the extent Plaintiff alleges Defendant Chapdelaine was involved in the denial of a grievance (*see* Am. Compl., ¶ 67), "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal

8

participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citing, *e.g.*, *Whitington v. Ortiz*, 307 F. App'x 179, 192–193, 2009 WL 74471, at * 12 (10th Cir. Jan. 13, 2009) (denial of grievances alone is insufficient to establish personal participation in alleged constitutional violations which prompted filing of grievance).

Plaintiff's claims against Defendants Werholtz, Raemisch, Falk, and Chapdelaine properly are dismissed for Plaintiff's failure to allege their personal participation in the alleged Eighth Amendment violations.

### 3.     *Eighth Amendment Claim Against Defendant McKay*

Defendant McKay moves to dismiss the Eighth Amendment claims against her. (McKay's Mot. at 3–6.)

The Eighth Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A claim for deliberate indifference has both an objective component and a subjective component.  To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted).

To satisfy the subjective component, a prisoner must demonstrate that the prison official acted with a "sufficiently culpable state of mind."  *Farmer*, 511 U.S. at 834.  "'[D]eliberate

9

indifference' is a stringent standard of fault." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.*; *see also Giron v. Corrs. Corp. of Am.*, 191 F.3d 1281, 1286 (10th Cir. 1999). Instead, "[t]he subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Self*, 439 F.3d at 1231. That is, the official must "know[] of and disregard[] an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837; *see also id.* ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

The gravamen of Plaintiff's claim against Defendant McKay is that he was denied an orthopedic pillow and shoes, a lower bunk restriction, a different work assignment, and medication of his choosing to relieve his pain. (*See generally*, Am. Compl. at 10–11.) Although Plaintiff states that he suffers from excessive pain due to past injuries, he does not allege that he was ever diagnosed as having a medical condition which required him to wear special orthopedic footwear or have a special pillow. Moreover, Plaintiff's First Amended Complaint is devoid of any factual allegations that he was ever diagnosed with a medical condition that precludes him from working in the kitchen or that necessitates a lower tier bunk assignment. None of the deprivations alleged by the Plaintiff denied him "the minimal civilized measure of life's necessities." *Anderson v. Colorado*, 887 F. Supp. 2d 1133, 1139 (D. Colo. 2012), and thus, none were sufficiently serious under the objective component of the Eighth Amendment.

It appears Plaintiff disagrees with Defendant McKay's diagnoses and treatment plans, including her recommendations for medication and pain management. (*See* Am. Compl., ¶¶ 34,

43, 44, 48.) "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kansas Dep't. of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999).

Therefore, Defendant McKay's motion to dismiss the Eighth Amendment claims against her properly is granted.

### *4.    Qualified Immunity*

The CDOC Defendants, in their individual capacities, raise the defense of qualified immunity to Plaintiff's claims. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). To overcome the defendants' claim of qualified immunity, the plaintiff must establish that the defendants' actions violated plaintiff's constitutional or statutory right and that the right at issue was clearly established at the time of the defendants' alleged unlawful conduct. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).

This court recommends that Plaintiff's claims against the CDOC Defendants should be dismissed. Thus, Plaintiff has not established that the CDOC Defendants violated Plaintiff's constitutional or statutory rights, and the CDOC defendants are entitled to qualified immunity in their individual capacities.

## 5. *Supplemental Jurisdiction*

Because this court has recommended that Plaintiff's Eighth Amendment claims be dismissed as to all of Defendants Werholtz, Raemisch, Falk, Chapdelaine, and McKay, the only remaining claims are Plaintiff's claims for breach of contract and negligence asserted against Defendants Physicians Health Partners, Inc., and John and Jane Does of Physicians Health Partners, Inc.[2] (*See* Am. Compl. at 2, 17.)

A federal district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the United States Supreme Court held that supplemental "jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in consideration of judicial economy, convenience and fairness to litigants." *Id.* The Supreme Court found that if a plaintiff's "federal claims are dismissed before trial," the plaintiff's "state claims should be dismissed as well." *Id.* The Tenth Circuit has held that, "[i]n general, when federal claims are disposed of prior to trial, the district court may decline to exercise supplemental jurisdiction over state law claims and allow the plaintiff to assert those claims in state court." *Summum v. Duchesne City*, 482 F.3d 1263, 1276 (10th Cir. 2007).

This court recommends that Plaintiff's only federal question claim be dismissed. Without the federal claim, the Court does not have original jurisdiction over any of the surviving claims because they do not present a federal question and the parties are not diverse. The Court has not entered a scheduling order, and the parties have not expended substantial time and

---

[2] These defendants have not answered or otherwise responded to Plaintiff's Amended Complaint.

resources on discovery.  *Sullivan v. Scoular Grain Co. of Utah*, 930 F.2d 798 (10th Cir. 1991). The state law claims do not raise any issues which would implicate federal law.  In such circumstances, the Supreme Court has counseled that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . ." 383 U.S. at 726.  Therefore, considering judicial economy, convenience, and fairness to the litigants, *id.*, this court recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

Based on the foregoing, this court respectfully

**RECOMMENDS** that Defendant Werholtz, Raemisch, Falk and Chapdelaine's "Motion to Dismiss" (Doc. No. 45) and "Defendant Keri McKay's Motion to Dismiss" (Doc. No. 56) be **GRANTED** and that the claims against them be dismissed in their entirety.  The court further

**RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims asserted against Defendants Physicians Health Partners, Inc., and John and Jane Does of Physicians Health Partners, Inc.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of August, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge