# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 14-cv-01024-REB-KMT

MICHAEL RAY INGRAM,

    Plaintiff,

v.

FRANK CLEMENTS,
R. WERHOLZ,
R. RAEMISCH,
JOHN AND JANE DOES AT THE COLORADO DEPARTMENT OF CORRECTIONS,
J. FALK, Sterling Correctional Facility (SCF) Warden,
J. CHAPDELAINE, SCF Associate Warden,
JOHN AND JANE DOES AT SCF,
JOHN AND JANE DOES AT SCF Job Board,
K. MCKAY, SCF Physician's Assistant,
PHYSICIANS HEALTH PARTNERS, INC., dba CORRECTIONAL HEALTH PARTNERS, a Colorado Corporation, and
JOHN AND JANE DOES, Physicians Health Partners, Inc., dba Health Partners, a Colorado Corporation,

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

    This matter is before me on the following: (1) **Defendants Werholtz, Raemisch, Falk and Chapdelaine's Motion to Dismiss** [#45] filed January 26, 2015; (2) **Defendant Keri McKay's Motion To Dismiss** [#56] filed July 17, 2015; (3) the **Recommendation of United States Magistrate Judge** [#63] filed August 27, 2015; and (4) the **Motion for Enlargement of Time in which To File Objections To Magistrate's Recommendation** [#68] filed September 15, 2015.  I approve and adopt

the recommendation, grant the motions to dismiss, and deny the motion for extension of time.

## I.  MOTION FOR EXTENSION OF TIME

In his motion [#68] for enlargement of time to file objections, the plaintiff, Michael Ingram, seeks an additional six moths to file objections to the recommendation.  He contends that his medical condition and two recent injuries make it impossible for him to file objections.  He says legal research will be difficult and painful because of pain he suffers in his arms.  In addition, he says legal access, presumably to the law library, is limited to Thursdays for prison, kitchen workers.  He indicates that he works in the kitchen.  He does not specify, even in a summary fashion, the bases for any of his proposed objections.

The facts, issues, and legal authorities addressed in the recommendation [#63] are detailed in the underlying motions [#45 & #56] of the defendants, which were filed in January and July of this year.  With this background, Mr. Ingram has had ample time to familiarize himself with the issues and authorities on which the defendants rely and which are addressed in the recommendation.  Given this context, I find that Mr. Ingram has not stated in his motion good cause for an extension of time to file objections to the recommendation. Therefore, his motion for extension of time [#68] is denied.

## II.  RECOMMENDATION

Mr. Ingram is proceeding *pro se.*  Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

No timely objections to the recommendation were filed. Therefore, I review it only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005). Finding no error, much less plain error, in the recommendation, I find and conclude that recommendation should be approved and adopted.

Mr. Ingram is an inmate in the Colorado Department of Corrections. In his amended complaint [#21], Mr. Ingram alleges that he suffers from the following "medical conditions/disabilities that significantly limit daily activities, singularly and aggregately: (a) migraines; (b) photophobia; (c) nausea; (d) neck arthritis; (e) dysphagia; (f) left shoulder arthritis; (g) right elbow arthritis/tendinitis; (h) lower left back pain/spasms; (I) left hip arthritis; (j) arthritic knees; (k) ankle pain; (l) deformed heels; (m) neuropathic foot pain; and (n) plantar fasciitis (PF)." *Amended complaint* [#21], CM/ECF p. 6. In his first claim, Mr. Ingram alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by requiring him to perform kitchen duties in the dishroom from April 6, 2012 to May 7, 2012, in the diet kitchen from June 14, 2012 to July 21, 2012, and as a flatware/condiment roller from September 12, 2012 to present. *Id.*, CM/ECF pp. 8 - 9. He contends these work assignments have aggravated his medical conditions by requiring him to perform work duties beyond his physical capabilities and contraryto his work restrictions. He also contends that his requests for "ADA/RA accommodations" and requests to clinical services, including issuance of appropriate footwear, a bottom tier restriction, issuance of an orthopedic pillow, no prolonged sitting restriction, and various work restrictions, have been denied. In addition, Mr. Ingram claims he has been denied adequate medical care in violation of the Eighth Amendment. The equal protection, American with Disabilities Act, and

Rehabilitation Act claims of Mr. Ingram were dismissed previously.

In the recommendation, the magistrate judge recommends that the claims against the defendants in their official capacity be dismissed based on Eleventh Amendment immunity. Further, she recommends that the claims against Defendants R. Werholtz, R. Raemisch, J. Falk, and J. Chapdelaine be dismissed because the allegations in the complaint do not indicate that these defendants personally participated in the alleged constitutional violations. As to the Eighth Amendment medical treatment claim against defendant Keri McKay, the magistrate judge recommends that this claim be dismissed because the allegations in the complaint indicate that Mr. Ingram disagrees with the diagnoses and treatment plans of Ms. McKay, but do not support a claim that Ms. McKay was deliberately indifferent to the serious medical needs of Mr. Ingram. Further, the magistrate judge recommends dismissal of the claims against all of the defendants employed by the Colorado Department of Corrections based on qualified immunity. As to these defendants, the allegations in the amended complaint do not support a claim that these defendants violated the statutory or constitutional rights of Mr. Ingram. Therefore, the Colorado Department of Corrections defendants are entitled to qualified immunity. On the current record, each of these recommendations are appropriate, and it is difficult to divine a valid objection which Mr. Ingram might make to these recommendations.

Finally, the magistrate judge recommends dismissal of the claim for breach of contract asserted against the State of Colorado and Colorado Health Partners and the claim for negligence asserted against Physicians Health Partners. These are claims under state law. A federal district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which

4

it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  I adopt the recommendation to dismiss the remaining claims of Mr. Ingram under federal law.  Further, I adopt the recommendation concerning the state law claims, and I decline to exercise supplemental jurisdiction over the remaining state law claims.

    **THEREFORE, IT IS ORDERED** as follows:

    1.  That the **Recommendation of United States Magistrate Judge** [#63] filed August 27, 2015, is approved and adopted as an order of this court;

    2.  That **Defendants Werholtz, Raemisch, Falk and Chapdelaine's Motion to Dismiss** [#45] filed January 26, 2015, is granted;

    3.  That **Defendant Keri McKay's Motion To Dismiss** [#56] filed July 17, 2015, is granted;

    4.  That the **Motion for Enlargement of Time in which To File Objections To Magistrate's Recommendation** [#68] filed September 15, 2015, is denied;

    5.  That the court declines to exercise supplemental jurisdiction over the state law claims for contract and negligence against the State of Colorado, Colorado Health Partners, and Physicians Health Partners, and those claims are dismissed without prejudice;

    6.  That based on this order and the **Order To Dismiss in Part and To Draw in Part** [#23], judgment shall enter in favor of the defendants, Frank Clements, R. Werholz, R. Raemisch, John and Jane Does at the Colorado Department of Corrections, J. Falk, Sterling Correctional Facility (SCF) Warden, J. Chapdelaine, SCF Associate Warden, John and Jane Does at SCF, John and Jane Does, SCF Job Board, K. Mckay, SCF Physician's Assistant, Physicians Health Partners, Inc., dba Correctional Health Partners, a Colorado Corporation, and John and Jane Does, Physicians Health

Partners, Inc., dba Health Partners, a Colorado Corporation, against the plaintiff, Michael Ray Ingram;

7. That the defendants are awarded their costs to be taxed by the clerk of the court in the time and manner required under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

8. That this case is closed.

Dated September 23, 2015, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge