IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01024–REB–KMT

MICHAEL RAY INGRAM,

    Plaintiff,

v.

DEAN WILLIAMS,
R. WERHOLZ,
R. RAEMISCH,
JOHN AND JANE DOES AT COLORADO DEPARTMENT OF CORRECTIONS (DOC) HEADQUARTERS,
J. FALK, Sterling Correctional Facility (SCF) Warden,
J. CHAPDELAINE, SCF Associate Warden,
JOHN AND JANE DOES AT SCF,
K. MCKAY, SCF Physician's Assistant,

    Defendants.

# ORDER

Before the court is Plaintiff's "Motion to File a Second Amended Complaint." (["Motion"], Doc. No. 157.) Defendant McKay has responded in opposition to Plaintiff's motion (Doc. No. 166), as have Defendants Werholz, Raemisch, Falk, and Chapdelaine. (Doc. No. 167.)

*Pro se* Plaintiff Michael Ray Ingram,[1] an inmate in the custody of the Colorado Department of Corrections ["CDOC"], brings this civil rights action against Defendants, all of

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*,

whom are CDOC employees. (Doc. No. 21 at 3-5.) Plaintiff is said to suffer from numerous "medical conditions/disabilities," which have allegedly been exacerbated by issues pertaining to his prison work assignments, his medical care, and his housing. (*Id.* at 6-17.) In his First Amended Complaint, Plaintiff asserts violations of: (1) the Eighth Amendment; (2) the Fourteenth Amendment; (3) the Americans with Disabilities Act ["ADA"]; (4) the Rehabilitation Act ["RA"]; and (5) state law. (*Id.*) Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.* at 19-20.)

After an initial screening under 28 U.S.C. § 1915A, Plaintiff's claims for violations of the Fourteenth Amendment, the ADA, and the RA were dismissed, as legally frivolous. (Doc. No. 23 at 5-9.) Plaintiff's remaining Eighth Amendment and state law claims were thereafter dismissed, pursuant to Rules 12(b)(1) and 12(b)(6), on September 23, 2015, and final judgment was then entered in favor of Defendants. (Doc. Nos. 63, 69, 70.)

On appeal, the Tenth Circuit reversed and remanded the dismissal of Plaintiff's ADA and RA claims, which were premised on a lack of access to prescribed medications, as well as Plaintiff's Eighth Amendment claim against Defendant McKay, specifically, based on his alleged deliberate indifference in approving Plaintiff for prison kitchen work. (Doc. No. 95 at 9.) As a result, the following claims remain viable in this case: (1) a § 1983 claim against Defendant McKay for violations of the Eighth Amendment; (2) ADA claims against all Defendants; and (3) RA claims against all Defendants.

---

404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

On August 2, 2019, Plaintiff filed a motion for leave to file a Second Amended Complaint. (Mot. 1.) In the Motion, however, Plaintiff provides no explanation as to the basis for his request to amend his pleadings. Further, the proposed Second Amended Complaint, which accompanies the Motion, does not add any new causes of action, requests for relief,[2] or parties. (*See* Doc. No. 157-1 at 22.) Nor does the proposed pleading augment any of Plaintiff's remaining claims against Defendants. Instead, the proposed Second Amended Complaint merely provides additional, unnecessary details pertaining to Plaintiff's medical history, and deletes certain allegations regarding Plaintiff's previously dismissed claims for violations of the Fourteenth Amendment and state law. (*See id.* at 6-12, 18-19.)

Because the proposed Second Amended Complaint does not set forth any new causes of action, or make any substantive changes to his remaining claims, the amendment is wholly unnecessary and futile. As a result, Plaintiff's motion for leave to amend his complaint is denied.[3] *See Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997) (finding no abuse of discretion in denial of leave to amend where the amendment would be futile, because there was "no material difference between the two complaints"); *Gibbs-Squires v.*

---

[2] The proposed Second Amended Complaint does request two additional forms of injunctive relief: (1) "a morning or afternoon job that starts late enough after the morning or afternoon meal that nausea is not so severe, with full time pay;" and (2) "an Offender Care Aide to move my property during cell and facility reassignments." (Doc. No. 157-1 at 22.)

[3] Given that denial of Plaintiff's motion is not dispositive of any claims or parties in this case, an order is appropriate. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988) ("Magistrates may issue orders as to non-dispositive pretrial matters[.]"); *Chavez v. Hatterman*, No. 06-cv-02525, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) ("Motions to amend are generally considered non-dispositive because they do not dispose of a claim or defense of a party, and thus they are subject to the clearly erroneous standard of review."); *see also* Fed. R. Civ. P. 72(a).

*Urban Settlement Servs.*, 623 F. App'x 917, 923 (10th Cir. 2015) (affirming denial of amendment, based on futility, because "the proposed amendments added no new information to assist the court in its analysis of the existing claims").

Accordingly, it is

**ORDERED** that Plaintiff's "Motion to File a Second Amended Complaint" (Doc. No. 157) is **DENIED**.

This 3rd day of October, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge