IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01024–REB–KMT

MICHAEL RAY INGRAM,

 Plaintiff,

v.

DEAN WILLIAMS,
R. WERHOLZ,
R. RAEMISCH,
JOHN AND JANE DOES AT COLORADO DEPARTMENT OF CORRECTIONS (DOC) HEADQUARTERS,
J. FALK, Sterling Correctional Facility (SCF) Warden,
J. CHAPDELAINE, SCF Associate Warden,
JOHN AND JANE DOES AT SCF,
K. MCKAY, SCF Physician's Assistant,

 Defendants.

# ORDER

 Before the court is Plaintiff's "Motion for Appointment of Counsel." (["Motion"], Doc. No. 200.) No response has been filed to the Motion. After carefully considering the Motion and related briefing, the court has determined that the interests of justice do not warrant the appointment of civil counsel.

 The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The court must "give careful consideration to all the circumstances with particular emphasis upon

certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

*Pro se* Plaintiff Michael Ray Ingram,[1] an inmate in the custody of the Colorado Department of Corrections ["CDOC"], brings this civil rights action against Defendants, all of whom are CDOC employees. (Doc. No. 21 at 3-5.) Plaintiff is said to suffer from numerous "medical conditions/disabilities," which have allegedly been exacerbated by issues pertaining to his prison work assignments, his medical care, and his housing. (*Id.* at 6-17.) In his First Amended Complaint, Plaintiff asserts violations of: (1) the Eighth Amendment; (2) the Fourteenth Amendment; (3) the Americans with Disabilities Act ["ADA"]; (4) the Rehabilitation Act ["RA"]; and (5) state law. (*Id.*) Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.* at 19-20.)

After an initial screening under 28 U.S.C. § 1915A, Plaintiff's claims for violations of the Fourteenth Amendment, the ADA, and the RA were dismissed, as legally frivolous. (Doc. No. 23 at 5-9.) Plaintiff's remaining Eighth Amendment and state law claims were thereafter dismissed, pursuant to Rules 12(b)(1) and 12(b)(6), on September 23, 2015, and final judgment was then entered in favor of Defendants. (Doc. Nos. 63, 69, 70.)

On appeal, the Tenth Circuit reversed and remanded the dismissal of Plaintiff's ADA and RA claims, which were premised on a lack of access to prescribed medications, as well as Plaintiff's Eighth Amendment claim against Defendant McKay, specifically, based on his alleged deliberate indifference in approving Plaintiff for prison kitchen work. (Doc. No. 95 at

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

9.) As a result, the following claims remain viable in this case: (1) a § 1983 claim against Defendant McKay for violations of the Eighth Amendment; (2) ADA claims against all Defendants; and (3) RA claims against all Defendants. The claims are neither novel, nor complex, and as evidenced by his successful appeal, Plaintiff has relayed the substance of his claims effectively thus far.

In support of his request for the appointment of counsel, Plaintiff states that certain of his requested relief "will never be acquired without the assistance of counsel." (Mot. 2.) Plaintiff claims that, since he last requested appointed counsel,[2] his "physical/cognitive impairments" have become "so much greater." (*Id.*) According to Plaintiff, "everything is even more difficult," including "thinking things through," "document preparation," and "sorting through papers." (*Id.* at 2-4.) He complains that he suffers from "confusion/forgetfulness," "decreased concentration/clear-thinking," debilitating "nerve pain," and "hand wounds." (*Id.* at 2-5.) Plaintiff contends that "it is just not possible to make anything but an inadequate, beleaguered attempt at prosecuting this case[.]" (*Id.* at 2-3.) However, he does not address the nature and complexity of the action, the potential merit of his claims, or any efforts he has undertaken to retain an attorney by other means. *See* D.C.COLO.LAttyR 15(f)(1)(B). In addition, the court does not see any benefit that it may derive from the assistance of appointed counsel. On balance, therefore, the court does not find the appointment of counsel to be warranted.

Accordingly, it is

---

[2] Plaintiff previously filed a motion to appoint counsel on March 28, 2019. (Doc. No. 127.) That motion was denied on May 10, 2019. (Doc. No. 136.)

**ORDERED** that Plaintiff's "Motion for Appointment of Counsel" (Doc. No. 200) is **DENIED**.

Dated this 14th day of April, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge